**PEOPLES FIRST NATIONAL BANK AND TRUST COMPANY, Executor Under the Will of Sarah G. Ricketson, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 13242.**

United States District Court
W. D. Pennsylvania.
Jan. 25, 1956.

James M. Arensberg, of Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for plaintiff.

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

GOURLEY, Chief Judge.

In this proceeding to recover a portion of a federal estate tax from the United States, the sole question posed is whether a summer residence is includable in decedent's gross estate for federal estate tax purposes.

The action is before the court on motions of plaintiff, Peoples First National Bank and Trust Company, executor under the will of Sarah G. Ricketson, and defendant, United States of America, for judgment on the pleadings.

The facts are undisputed:

John H. Ricketson, father of decedent Sarah G. Ricketson, died testate in 1900. By his will the decedent was given the right to select a plot of ground out of the Ricketson family homestead in Dartmouth, Massachusetts, of sufficient size to erect thereon such a house as she should desire with a convenient curtilage around the house which she was to have and to hold during the term of her natural life. The will further provided that if the testator's daughter erected a house on the plot of ground she selected, then on her death her estate was to be paid by the executors of the father's estate the fair value of the house, the amount of such value to remain a lien on the whole Ricketson family homestead until paid.

Under date of October 1, 1926, an agreement was entered into between the decedent on the one hand and her mother, brothers and sisters on the other whereby (1) the decedent waived the provisions in her father's will requiring his executors to purchase the house which the decedent might thereafter build on the plot of ground selected by her and waived all charges arising therefrom as a lien on the homestead estate and (2) the other parties to the agreement purported to deed the plot of ground selected by the decedent to the decedent for life and upon her death to her two brothers, it being provided, however, that the decedent during her lifetime "shall have the power to sell the granted premises, and retain or use the proceeds," such power to sell being subject to the condition that the decedent should first offer the property to her brothers, their heirs or assigns at the fair market value of the property.

The property which the decedent thus acquired with the house thereafter erected by her on the plot became her summer residence. She did not sell the property during her lifetime.

Plaintiff contends that decedent's interest in the property acquired under the agreement of October 1, 1926 was a life estate with a general power of appointment exercisable only during her life and that since decedent never exercised the power, the property should not have been included in her estate. The United States, on the other hand, contends that the summer residence is includable as a transfer intended to take effect in possession or enjoyment at or after death pursuant to provision of the Internal Revenue Code of 1939, 26 U.S. C.A. § 811(c) (1) (C).

On first impression, one is inclined to accept plaintiff's thesis that decedent was donee of general power of appointment which donee failed to exercise during her lifetime, and hence is not subject to federal estate tax. Upon review of the statutes involved and upon further reflected judgment, however, I am satisfied that

the position of the United States is well taken.

To be includable under Section 811, the decedent must have retained a reversionary interest by the express terms of the instrument of transfer, and the value of such reversionary interest, immediately prior to her death, must have been in excess of five per cent of the value of the transferred property. The term "reversionary interest" includes a possibility that property transferred by a decedent may return to him or his estate, or may be subject to a power of disposition by him. 26 U.S.C.A. § 811(c)(2), as amended by Section 7(a) of Internal Revenue Code 1949, 63 Stat. 894.

In the instant case decedent had the power during her lifetime to sell the property in question and retain or use the proceeds. That power constitutes a reversionary interest within the meaning of the Code, inasmuch as the decedent by exercising this power could divert the remainder to her own use by disposing of the property at any time during her lifetime. The value of such a reversionary interest would be 100% of the value of the transferred property, which was determined by the Commissioner of Internal Revenue to be in the amount of $40,000.

It is my further judgment that the summer residence is also includable as a revocable transfer under Section 811 (d) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(d) (2).

Decedent increased the value of the estate by construction of a dwelling thereon assessed at $40,000.

Under the agreement in question, neither the decedent nor her estate was to be paid the value of the dwelling. Her right to have payment made to her of the cost of any house built by her on the land was relinquished by the decedent under the terms of the agreement. The decedent did, however, acquire under the agreement a life estate with the power to sell the property and retain or use the proceeds.

The transaction covered by the agreement amounted in effect to an exchange by the decedent of her right to payment for any house she might build on the plot of ground for a life estate with the remainder to her two brothers, with power in the decedent to sell the property and retain the use of the proceeds.

It is my judgment that decedent's death has brought into being for the survivors property rights of such a character as to make appropriate the imposition of an estate tax. Tyler v. United States, 281 U.S. 497, 503, 50 S.Ct. 356, 74 L.Ed. 991.

Motion of plaintiff for judgment on the pleadings will be refused and motion of the United States of America for judgment will be granted.

An appropriate order is entered.